Herbert L. Terreri (SBN 169815)
The Law Offices of Herbert L. Terreri,
A Professional Corporation
235 Foss Creek Circle
Healdsburg, CA 95448
Tel: (707) 431-1933
Fax: (707) 431-2769

Attorney for Defendants,
J.P. BAR, LLC;
JOHN & ZEKE'S, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KOUSSA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>J.P. BAR, LLC, a California Limited Liability Company; MAUREEN JONES; JOHN & ZEKE'S, INC., a California Corporation; and DOES 1-10,<br><br>　　　　Defendants. | Case No. 3:18-cv-07435-LB<br><br>**ANSWER BY DEFENDANTS J.P. BAR, LLC, and JOHN & ZEKE'S, INC. TO COMPLAINT OF PAMELA KOUSSA**<br><br>**Action Filed: January 11, 2018**<br>**Trial Date: Not yet set** |

Defendants J.P. BAR, LLC, and JOHN & ZEKE'S, INC. (hereafter referred to collectively as "DEFENDANTS") by and through their attorney of record, hereby answer the complaint filed by Plaintiff Pamela Koussa as follows:

**Parties**

1. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint, and on that basis deny said allegations.

2. DEFENDANTS admit the allegations in paragraph 2 of the Complaint.

3. DEFENDANTS admit the allegations in paragraph 3 of the Complaint.

4. The Answering DEFENDANTS admit the allegations in paragraph 4 of the Complaint, with the qualification that due to the dismissal without prejudice entered on April 26, 2019, Maureen Jones is no longer a defendant in this action.

5. The Answering DEFENDANTS admit the allegations in paragraph 5 of the Complaint, with the qualification that due to the dismissal without prejudice entered on April 26, 2019, Maureen Jones is no longer a defendant in this action.

6. DEFENDANTS admit the allegation in paragraph 6 of the Complaint that Defendant, John & Zeke's, Inc, was the owner of the bar business located at 420 Healdsburg Ave., Healdsburg California in December of 2018, but denies that the business is John & Zeke's Bar & Grill.

7. DEFENDANTS admit the allegation in paragraph 6 of the Complaint that Defendant, John & Zeke's, Inc, is currently the owner of the bar business located at 420 Healdsburg Ave., Healdsburg California, but denies that the business is John & Zeke's Bar & Grill.

8. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint, and on that basis deny said allegations.

## Jurisdiction & Venue

9. DEFENDANTS presently lack sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint, and on that basis deny said allegations.

10. DEFENDANTS presently lack sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint, and on that basis deny said allegations.

11. DEFENDANTS presently lack sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint, and on that basis deny said allegations.

## Factual Allegations

12. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint, and on that basis deny said allegations. The establishment is a bar, not a restaurant.

13. DEFENDANTS admit the allegations contained in paragraph 13 of the Complaint, except that the establishment is a bar, not a restaurant.

14. DEFENDANTS admit the allegations contained in paragraph 14 of the Complaint, except that the establishment is a bar, not a restaurant.

15. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint, and on that basis deny said allegations. The establishment is a bar, not a restaurant.

16. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint, and on that basis deny said allegations.

17. DEFENDANTS admit that there is no accessible parking space in the parking lot, however, denies the remaining allegations contained in paragraph 17. The establishment is a bar, not a restaurant.

18. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint, and on that basis deny said allegations.

19. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint and on that basis deny said allegations.

20. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint, and on that basis deny said allegations.

21. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint, and on that basis deny said allegations.

22. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint, and on that basis deny said allegations.

23. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint, and on that basis deny said allegations.

24. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint, and on that basis deny said allegations.

25. DEFENDANTS lack sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint, and on that basis deny said allegations.

## **First Cause of Action**

26. Paragraph 26 does not contain any new material factual allegations, and DEFENDANTS incorporate by reference their responses to paragraphs 1 through 25 of Plaintiffs complaint, as set forth above.

27. Paragraph 27, and its subparts contain legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 27 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

28. Paragraph 28 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 28 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

29. Paragraph 29 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 29 be construed to assert a fact,

DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

30. Paragraph 30 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 30 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

31. Paragraph 31 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 31 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

32. Paragraph 32, and its subparts contain legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 32 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

**Second Cause of Action**

33. Paragraph 33 does not contain any new material factual allegations; DEFENDANTS incorporate by reference their responses to paragraphs 1 through 32 of Plaintiffs complaint, as set forth above. Paragraph 33, and its subparts contain legal conclusions, and restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 33 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

34. Paragraph 34 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 34 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

35. Paragraph 35 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 35 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

36. Paragraph 36 contains legal conclusions, and/or restatements of statutes, accordingly, there is nothing to admit or deny. Should paragraph 36 be construed to assert a fact, DEFENDANTS have insufficient information upon which to admit or deny such factual allegations, and on that basis deny said allegations.

**Prayer**

DEFENDANTS deny that Plaintiff is entitled to any of the relief for which she prays, and DEFENDANTS accordingly deny any and all allegations contained in Plaintiff's Prayer for Relief.

Any other allegations not specifically admitted are hereby denied.

**AFFIRMATIVE DEFENSES**

Each of the following affirmative defenses applies to each cause of action unless otherwise specifically set forth.

**FIRST AFFIRMATIVE DEFENSE**

1. As a first, distinct and affirmative defense, DEFENDANTS are informed and believe, and on said information and belief, allege that Plaintiff and each of his purported causes of action, fails to state facts sufficient to constitute a cause of action against DEFENDANTS.

**SECOND AFFIRMATIVE DEFENSE**

2. As a second, distinct and affirmative defense, DEFENDANTS are informed and believe, and on said information and belief, allege that the liability, if any, of DEFENDANTS with respect to the Plaintiff, herein, which liability is expressly denied by DEFENDANTS, arose wholly or in part by reason of acts, errors, omissions and/or negligence of Plaintiff, or of Plaintiff's breach or

breaches of obligations to DEFENDANTS, and as such, Plaintiff is entitled to no relief whatsoever from DEFENDANTS.

**THIRD AFFIRMATIVE DEFENSE**

3. As an third, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege that the damages alleged, if any, sustained by Plaintiff, were caused by acts, omissions, or negligence of third parties other than DEFENDANTS, and any damages awarded to Plaintiff should be diminished in proportion to that amount attributable to said third parties.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a fourth, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege that DEFENDANTS has suffered damage by reason of Plaintiff's conduct and, therefore, DEFENDANTS has the right to offset any amounts of money which this court determines is owed or due to Plaintiff, if any, by way of said damages.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a fifth, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege that the damage, if any, sustained by Plaintiff, was caused by the acts, omissions, or negligence of Plaintiff, and any damages awarded to Plaintiff should be diminished in proportion to that amount attributable to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a sixth, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege that by reason of Plaintiff's acts, omissions, representations and courses of conduct by which DEFENDANTS was lead to rely to its detriment, Plaintiff is barred from any recovery herein by virtue of the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege that Plaintiff, by reasons of its acts, omissions, representations and courses of conduct which indicate a waiver of any claim against DEFENDANTS, is barred from any recovery herein by virtue of the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege that if any relief is claimed to be owed to Plaintiff as the result of the Complaint herein, it is barred by virtue of Plaintiff's own unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9. As a ninth, distinct and affirmative defense, DEFENDANTS are informed and believe, and on such information and belief, allege Plaintiff failed and continues to fail to mitigate her damages, if any, by failing to take such actions as are reasonable and necessary to minimize any loss which it may have, or in future may sustain.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff has failed to state a claim under Unruh Civil Rights Act and California Disabled Persons Act as against DEFENDANTS.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred for failure to join necessary or indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

12. DEFENDANTS are informed and believe and thereupon allege that the Complaint and/or each cause of action thereof is barred for failure to comply with applicable sections of the California Civil Code and governing Federal Rules.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

## FOURTEENTH AFFIRMATIVE DEFENSE

14. DEFENDANTS have made good faith efforts to comply with the Americans with Disabilities Act, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims under the CDPA and Unruh Act are barred to the extent that they interfere with DEFENDANTS' compliance with laws and regulations that are equally applicable to all persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. The imposition of punitive damages in this matter would violate DEFENDANTS' right to due process of law in violation of the California Constitution and the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. DEFENDANTS are not legally responsible for property that is not within its possession, custody or control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. DEFENDANTS are informed and believe and thereupon allege that the Complaint and/or each cause of action thereof is barred for failure to comply with applicable sections of the California Civil Code and the California Health and Safety Code.

## NINETEENTH AFFIRMATIVE DEFENSE

19. DEFENDANTS are informed and believe and thereupon allege that DEFENDANTS' conduct with regard to the matters alleged in the complaint were justified under the law.

## TWENTIETH AFFIRMATIVE DEFENSE

20. DEFENDANTS are informed and believe and thereupon allege that the damages claimed by Plaintiff, if any, were caused or contributed to, in whole or in part, by the negligence, breach of contract, or other wrongful conduct of other parties not within the control of DEFENDANTS. In the event that DEFENDANTS are held liable to Plaintiff, which liability is expressly denied, then Plaintiff's recovery from DEFENDANTS shall be reduced in accordance with the principles of equitable indemnity and comparative fault and contribution,to the extent that the negligence, breach of contract or other wrongful conduct of such parties contributed to such damages.

## TWENTHY-FIRST AFFIRMATIVE DEFENSE

21. DEFENDANTS are informed and believe and thereupon allege that the damages claimed by Plaintiff, if any, were not proximately caused by the acts or omissions DEFENDANTS and Plaintiff therefore is not entitled to any relief prayed for, or any relief whatsoever, from these answering defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. DEFENDANTS are informed and believe, and on such information and belief, allege that the causes of action set forth in the Complaint herein are barred by the applicable statute of limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. DEFENDANTS are informed and believe and thereupon allege that any damages allegedly suffered by Plaintiff resulted from causes independent of any purported acts or omissions

on the part of DEFENDANTS, thereby eliminating or reducing any alleged liability of these answering defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. DEFENDANTS are informed and believe and thereupon allege that Plaintiff's Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or law that would warrant the bringing of said action against these answering DEFENDANTS. Therefore, Plaintiff is and should be held responsible and accountable for these answering DEFENDANTS' reasonable and necessary costs incurred herein.

WHEREFORE, DEFENDANTS pray for judgment on the Complaint as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. For cost of suit;

3. For such other and further relief as the Court may deem just and proper.

Date: April 18, 2019          **THE LAW OFFICES OF HERBERT L. TERRERI**
                                             A PROFESSIONAL CORPORATION

                                             By: _/s/ Herbert L. Terreri_____

                                             HERBERT L. TERRERI, ESQ.
                                             Attorney for Defendants,
                                             J.P. BAR, LLC;
                                             JOHN & ZEKE'S, INC.